IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

    Plaintiff,

v.

MICHAEL MESINER, ET AL.,

    Defendants.

ORDER

Case No. 15-cv-146-wmc

    Plaintiff Christopher Goodvine, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of an inmate trust fund account statement, which I construe as a request for leave to proceed without prepaying the filing fee. After considering the supporting documentation, I conclude that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, the prisoner litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). Using information for the relevant time period from plaintiff's trust fund account statement, I conclude plaintiff's initial partial filing fee to be $39.75. For this case to proceed, plaintiff must submit this amount on or before March 26, 2015.

    If plaintiff does not have the money to make the initial partial payment in plaintiff's regular account, plaintiff will have to arrange with prison authorities to pay some or all of the assessment from plaintiff's release account. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.

ORDER

IT IS ORDERED that,

1. Plaintiff Christopher Goodvine is assessed $39.75 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $39.75 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before March 26, 2015.

2. If, by March 26, 2015, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing this case at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 6th day of March, 2015.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge